UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY T. COZZA,             )      Case No. 1: 17 CV 1669
                                      )
            Plaintiff,        )      JUDGE DONALD C. NUGENT
vs.                                 )
                                      )      MEMORANDUM OPINION
IMAGINE SOFTWARE, INC.,      )      AND ORDER
                                      )
            Defendant.      )

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint.

(ECF #8). For the reasons that follow, Defendant's Motion to Dismiss is denied.

### FACTUAL BACKGROUND

On July 12, 2017, Plaintiff Gregory Cozza filed a Complaint against his former employer,

Defendant Imagine Software, Inc.("Imagine"), in the Court of Common Pleas for Cuyahoga

County. Defendant removed the action to this Court on August 9, 2017, pursuant to 28 U.S.C. §§

1332, 1441 and 1446. Plaintiff's Complaint contains the following factual allegations:

> 4.    Mr. Cozza began working for Imagine as a sales
> representative in 2004. In 2013, Mr. Cozza and Imagine agreed that Mr.
> Cozza would be employed as a Senior Sales Executive, responsible for
> sales of software products developed by Imagine. The terms of Mr.
> Cozza's compensation were set forth in a Compensation Agreement dated
> March 23, 2013, a true copy of which is attached hereto as Exhibit A.

> 5.    Imagine agreed to pay Mr. Cozza based on the formula set
> forth in Exhibit A, an incentive-based plan which provided Mr. Cozza, in
> addition to his base salary, a commission on the amount of new revenue he
> generated, payable in the year in which the customer paid its initial
> invoice, using what Imagine referred to a "accelerators."

6. By its terms, Exhibit A was effective from January 1, 2013 to December 31, 2013. However, Mr. Cozza continued the same employment with Imagine from January 1, 2014 through August 2016, and by mutual agreement Imagine continued to compensate Mr. Cozza after December 31, 2013, on the same basis as set forth in Exhibit A. The parties never agreed to any changes and Imagine never advised Mr. Cozza of any change to the compensation agreement from March 2013 forward, except that Imagine increased Mr. Cozza's base salary in April 2016 without altering any other aspect of the compensation agreement.

7. Mr. Cozza continued to work and develop sales for Imagine in reliance on the compensation agreement as set forth in Exhibit A in 2014, 2015 and 2016.

8. Among other prospects, Mr. Cozza developed a sales relationship with Societe Gnerale, a French multinational banking and financial services company, headquartered in Paris, France.

9. After many months of sales work, Mr. Cozza secured a contract with Societe Generale to purchase Imagine software for approximately $20,000,000, payable over five years commencing in 2015. On information and belief, Societe Generale has continued its purchase of that software from Imagine based on Mr. Cozza's sale.

10. Once the contract with Societe Generale was executed and the first invoice was paid in 2015, Imagine breached the compensation agreement by deviating from the commission formula and paid Mr. Cozza only a portion of the commission to which he was entitled.

11. Fr. 2015, on total new revenue sales exceeding $6,687,667.00, instead of paying Mr. Cozza total compensation of at least $584,460.00, Imagine paid Mr. Cozza only $175,300.00, thereby shorting him not less than $409,160.00. The commission paid to Mr. Cozza by Imagine on his sale to Societe Generale was only $70,000. The commission on the Societe Generale new revenue alone should have been not less than $498,060.00.

12. Mr. Cozza protested being shorted on his compensation but his protests were ignored by Imagine and no further 2015 compensation was paid. Imagine paid Mr. Cozza under the terms of the compensation agreement for sales in 2016. Mr. Cozza resigned his position with Imagine in August 2016. To date, Imagine continues to owe Mr. Cozza at least $409,160.00.

(Complaint, ¶¶ 4-12) Based upon these allegations, Plaintiff asserts three causes of action for Breach of Contract (Count One), Breach of Implied Contract (Count Two), and Promissory Estoppel and Detrimental Reliance (Count Three).

Defendant now moves to dismiss all counts of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has opposed the motion and Defendant has filed a reply brief in support. The motion is now ready for decision.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level,

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570. On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

Defendant argues that all three of Plaintiff's claims fail because Plaintiff fails to allege an agreement or promise by Defendant to pay incentive compensation under the compensation agreement after it expired on December 31, 2013. *See Randleman v. Fid. Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 818 (N.D. Ohio 2006)(elements of an implied in fact contract are the same as those of an express contract: offer, acceptance, consideration, and a meeting of the minds); *Pappas v. Ippolito*, 895 N.E.2d 610, 641 (Ohio Ct. App. 2008)(elements of promissory estoppel include a clear and unambiguous promise). Defendant asserts that Plaintiff's Complaint fails to establish this element because there are no detailed allegations of who at Imagine made this alleged agreement on Imagine's behalf, when and where it was agreed or the express terms of the agreement.

Plaintiff counters that the Complaint contains sufficient factual averments, that must be presumed to be true, to support his claims. He points to paragraph 6 of the Complaint which reads:

> By its terms, [The Agreement] was effective from January 1, 2013 to December 31, 2013. However, Mr. Cozza continued the same employment with [Defendant] from January 1, 2014 through August 2016, and by mutual agreement Defendant continued to compensate Mr. Cozza after December 31, 2013, on the same basis as set forth in [the Agreement]. The parties never agreed to any changes and Defendant never advised Mr. Cozza of any change to [the Agreement] from March 2013 forward, except that Defendant increased Mr. Cozza's base salary in April 2016 without altering any other aspect of [the Agreement].

(ECF #10, p. 4) Plaintiff points out that from the facts in this paragraph alone the Court may reasonably infer all elements necessary to show a contract–(1) Defendant's offer to continue Mr. Cozza's employment under the Agreement's terms after expiration; (2) Mr. Cozza's acceptance by continuing to work in the same capacity; (3) consideration in terms of compensation, which was the same as what Mr. Cozza earned under the Agreement; and (4) a meeting of the minds as shown by Mr. Cozza continuing to work. While Defendant may prefer a detailed description of all names of the Imagine employees involved in the alleged continuation of the Agreement and transcripts of conversations regarding the continuation of the 2013 Agreement, the Complaint pleads facts supporting the existence of an agreement sufficiently to survive dismissal of Plaintiff's claims of breach of contract or implied contract and promissory estoppel.

Even if the Court concludes that the Complaint adequately pleads a promise, Defendant argues that Plaintiff's claim for promissory estoppel should be dismissed for the additional reason that Plaintiff fails to allege reasonable detrimental reliance on the promise to pay incentive

compensation on the terms of the 2013 Agreement. To prove a claim for promissory estoppel a plaintiff must allege facts which demonstrate (1) a clear and unambiguous promise; (2) reliance of the promise; (3) that the reliance is reasonable and foreseeable; and (4) that he was injured by his reliance. *Rogers v. Nat'l City Corp.*, No. 91103, 2009 WL 1622382 (Ohio Ct. App. June 11, 2009). Defendant notes that Ohio courts have determined that a plaintiff's "bare assertion that he gave up opportunities for other employment" is insufficient to establish detrimental reliance. *Id.* at *5 (citations omitted). But see, *Harris v. Noveon, Inc.*, 2010 WL 669788 *6 (Ohio Ct. App. Feb. 25, 2010)("neither *Wing* nor *Rogers* hold that being offered [alternate job opportunity] and turning down the offer are the only way that detrimental reliance in the employment context can be established.") In *Harris*, the court determined that the question of whether a former employee detrimentally relied on his former employer's promise of an uncapped bonus was for the jury to decide. The plaintiff stated that he would have been entitled to the business's capped bonus by August 2006, but he took additional trips to Latin America, exposed himself to danger, sacrificed his time, and removed himself from family and friends in order to maximize his anticipated, uncapped bonus. It should be noted that the detrimental reliance issue was before the courts in *Rogers* and *Harris* on summary judgment.

Here Plaintiff asserts that he "reasonably and foreseeably relied to his detriment on the commitment of Imagine to compensate him in accord with Exhibit A to develop a sales relationship with Societe Generale and other prospects in 2015, and to make sales of defendant Imagine's software." (Complaint, ¶ 21) Plaintiff argues that the requisite facial plausibility exists when a plaintiff pleads facts which allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Flex Homes, Inc. v. Ritz-Craft Corp. of Mich.*,

6

721 F.Supp.2d 663,668 (N.D. Ohio 2010)(citation omitted). Mr. Cozza suggests that the Court may infer from his Complaint that had he known Defendant did not intend to pay him pursuant to the Agreement, he would have spent his time increasing his commissions in other ways, rather than pursuing a relationship with Societe Generale, a foreign corporation based in Paris. At this point, Plaintiff's allegation of detrimental reliance is sufficiently plausible to survive dismissal.

## CONCLUSION

While the Complaint here is sparse, it serves its function of putting the Defendant on notice of the specific claims asserted against it. Moreover, the claims are plead with the requisite plausibility. These claims will no doubt shake out and be refined or consolidated in the course of further proceedings. As such, Defendant's Motion to Dismiss (ECF #8) is denied.

IT IS SO ORDERED.


Donald C. Nugent
UNITED STATES DISTRICT COURT

DATED: December 28, 2017